JOHN A. HUMBIRD and Others v. ALGER, SMITH & COMPANY and Others.[1]

January 27, 1905.

Nos. 13,192—(68).

Appeal by plaintiffs from a judgment of the district court for St. Louis county, entered pursuant to the findings and order of Cant, J. Affirmed.

*H. Oldenburg, Billson & Congdon,* and *J. B. Kerr,* for appellants.
*White & Price,* for respondent.

PER CURIAM.

This case is controlled by the decision of the Supreme Court of the United States in Humbird v. Avery, 195 U. S. 480, 25 Sup. Ct. 123. The questions involved are similar to those there presented and decided, and that decision is followed. The action involves a tract of land claimed by plaintiffs by purchase from the Northern Pacific Railway Company, which the company claimed belonged to it as a part of its land grant. Defendant Stevenson is the equitable owner, having acquired his rights by final proof under homestead entry; the final receipt having been issued to him. The land was never certified to the railway company as a part of its land grant, either as indemnity land or otherwise, and the patent to defendant Stevenson has not been issued. The title still remains in the general government, and the controversy between the parties as to their rights must be settled and determined by the Interior Department. Until the government parts with its ownership the courts have no jurisdiction to entertain actions involving controversies between individuals respecting the title. Sims v. Morrison, 92 Minn. 341, 100 N. W. 88.

[1] Reported in 102 N. W. 1133.

The judgment appealed from is therefore affirmed, but this result will not affect either party as to facts subsequently arising. If either hereafter acquires the legal title from the general government, the decision in this case will not bar further action based thereon. Until the rights of Stevenson are vacated in some proceeding in the Interior Department, he is the equitable owner of the land, and the court below properly so adjudged.

Judgment affirmed.